UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES GUY BIA,

    Plaintiff,

v.                                                Case No. 5:05-cv-375-Oc-10GRJ

P.R.I.D.E. ENTERPRISES, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, a prisoner at Marion Correctional Institution, initiated this action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff seeks leave to proceed as a pauper (Doc. 2). The Complaint alleges that the Defendants violated his rights to due process under the United States Constitution and discriminated against him in connection with his discharge from a prison work program.

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that :

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326).

In Alexander, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

Further, the PLRA's exhaustion requirement contains a procedural default

component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. Johnson v. Meadows, ___ F.3d ___, 2005 WL 1718602 *6 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

The documents that Plaintiff appended to the Complaint as exhibits show that Plaintiff submitted an informal grievance concerning his claims and when no response was received submitted a second informal grievance on September 14, 2004. See Complaint Exh. B. Plaintiff's first informal grievance is not attached to

---

[1] See Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

the Complaint.

On September 7, 2004, Plaintiff submitted a formal grievance (# B 0409304012) alleging that he was wrongfully terminated from the prison work program. See Complaint Exh. H. On September 15, 2005, a prison official responded to Plaintiff's formal grievance, stating that an investigation and interview with the supervisor, Mr. Russell, had revealed that Plaintiff had been terminated for having a negative attitude. Id. Plaintiff was advised that he had 15 days from the date of the response to file an appeal. Id. Instead of filing an appeal, on October 7, 2004, Plaintiff resubmitted his formal grievance as a new formal grievance at the institutional level (# B 0410304017), contending that Mr. Russell had "lied" and that he should be reinstated to his position. Complaint Exh. H. On October 13, 2004, the second formal grievance was returned without action because the institution had already responded to the termination issue.[2] On October 17, 2004, Plaintiff filed an appeal from the response to grievance # B 0410304017, but the appeal was returned without action because the grievance on which it was based had been returned.

The documents provided by Plaintiff show that Plaintiff did not properly complete the administrative remedy process with respect to his claims. The appeal filed on October 17, 2004, was not timely under the regulations with respect to Plaintiff's first formal grievance, number # B 0409304012, because it was not filed

---

[2] See Fla. Admin. Code § 33-103.014(1)(n).

within 15 days of the September 15, 2005, response.[3] Plaintiff's second formal grievance, # B 0410304017, was returned because it did not comply with the grievance rules, and therefore Plaintiff's appeal from that grievance was of no effect because it was an appeal from a grievance that was not processed.[4]

Under these circumstances, Plaintiff's failure to properly exhaust his claims constitutes a procedural default, and Plaintiff's complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.[5]

## Conclusion

This case is hereby **DISMISSED without prejudice**. The Clerk of the Court shall terminate all pending motions, enter judgment dismissing this case without prejudice, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 1st day of September 2005.

_____
UNITED STATES DISTRICT JUDGE

c: James G. Bia

---

[3] See Fla. Admin. Code. § 33-103.011(1)(c).

[4] See Fla. Admin. Code § 33-103.014(1)(n).

[5] See Johnson, ___ F.3d at ___, 2005 WL1718602 *5-*6.